IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN PREWITT,

        **Petitioner,**

v.

        Case No. 3:23-CV-54-NJR

D. SPROUL,

        **Respondent.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a Motion to Dismiss filed by Respondent D. Sproul. (Doc. 6). Respondent seeks the dismissal of the Petition for Writ of Habeas Corpus filed by Petitioner Shawn Prewitt. (Doc. 1).

    On January 10, 2023, Prewitt filed his Petition for Writ of Habeas Corpus challenging the denial of his eligibility to apply earned time credits toward his release under the First Step Act ("FSA") by the Bureau of Prisons ("BOP"), as well as the method used to calculate those credits. (*Id.*). According to Respondent, after the Petition was filed, the BOP recalculated Prewitt's sentence and applied his earned time credits under the FSA, leading to Prewitt's release from BOP custody on February 24, 2023. (Docs. 6-1, 6-2). Because Prewitt received the relief he requested and is no longer in BOP custody, Respondent argues, a justiciable case or controversy no longer exists and the Petition must be dismissed for lack of subject matter jurisdiction.[1]

---

[1] Prewitt did not respond to the motion, although he likely did not receive a copy of it. Respondent's motion was filed after Prewitt's release from prison, and Prewitt did not provide the Court with his new

Article III of the United States Constitution grants the judicial power to "cases" and "controversies." U.S. Const. art. III, § 2. "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). In a habeas corpus proceeding, to present a justiciable controversy, a petitioner must demonstrate that he "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "A habeas action becomes moot if the Court can no longer 'affect the duration of [the petitioner's] custody.'" *Johnson v. Warden*, No. 121CV03106JPHMPB, 2023 WL 1975040, at *2 (S.D. Ind. Jan. 11, 2023) (quoting *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001)).

Here, Prewitt received the relief he sought, and he is no longer incarcerated. Thus, the Court can no longer affect the duration of Prewitt's custody. Accordingly, this action is moot and must be dismissed for lack of subject matter jurisdiction. *See id.* (citing *Eichwedel*, 700 F.3d at 278; *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998)).

For these reasons, the Court **GRANTS** the Motion to Dismiss as Moot filed by Respondent D. Sproul (Doc. 6) and **DISMISSES** the Petition for Writ of Habeas Corpus (Doc. 1) for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: April 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

address as he was ordered to do. (*See* Doc. 2).